UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE HOME BINGO NETWORK,

                                  Plaintiff,

         v.                                          1:05-cv-0608

MULTIMEDIA GAMES, INC., and
MIAMI TRIBE OF OKLAHOMA BUSINESS
DEVELOPMENT AUTHORITY,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.       INTRODUCTION**

         Plaintiff The Home Bingo Network commenced the instant action against

Defendants Multimedia Games, Inc. and Miami Tribe of Oklahoma Business Development

Authority asserting a claim of patent infringement.  Currently before the Court is Defendant

Miami Tribe of Oklahoma Business Development Authority's ("MBDA") motion to dismiss

pursuant to Rule 12(b)(1) on the ground of lack of subject matter jurisdiction.  More

specifically, the MBDA claims that it is an arm of an Indian tribe and, therefore, is entitled to

sovereign immunity.

**II.      STANDARD OF REVIEW**

         "'On a motion invoking sovereign immunity to dismiss for lack of subject matter

jurisdiction, the plaintiff bears the burden of proving by a preponderance of evidence that

jurisdiction exists.'"  Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004) (quoting Garcia v.

Akwesasne Hous. Auth., 268 F.3d 76, 84 (2d Cir. 2001)).

**III.     DISCUSSION**

As the Second Circuit has explained:

Indian tribes enjoy the same immunity from suit enjoyed by sovereign
powers and are "subject to suit only where Congress has authorized the
suit or the tribe has waived its immunity."  Kiowa Tribe of Okla. v. Mfg.
Techs., Inc., 523 U.S. 751, 754, 118 S. Ct. 1700, 140 L. Ed.2d 981
(1998).  "To abrogate tribal immunity, Congress must 'unequivocally'
express that purpose," and "to relinquish its immunity, a tribe's waiver
must be 'clear.'"  C & L Enters., Inc. v. Citizen Band Potawatomi Indian
Tribe of Okla., 532 U.S. 411, 418, 121 S. Ct. 1589, 149 L. Ed.2d 623
(2001) (citations omitted).

Chayoon, 355 F.3d at 143.

The Miami Tribe of Oklahoma is a federally recognized tribe.  See U.S. Dep't of

Interior, Tribal Leaders Directory (Spring/Summer 2005);[1] see also 67 Fed. Reg. 46328,

46330 (July 12, 2002).  The Internal Revenue Service and the Department of the Interior

have opined that the MBDA is a subdivision of the Miami Tribe of Oklahoma.  See Def.'s Exs.

B, C.  The United States District Court for the Northern District of Oklahoma has held that the

MBDA qualifies as "an arm of the Miami tribal government and possesses attributes of tribal

sovereignty that preclude suit against it absent a waiver of immunity."  Multimedia Games,

Inc. v. WLGC Acquisition Corp., 214 F. Supp.2d 1131, 1135 (N.D. Okl. 2001).  Moreover,

upon review of the tribal law creating the authority, see Def.'s Ex. A, it is clear that the MBDA

is an arm of the tribe.  Accordingly, absent waiver, the MBDA is entitled to immunity. This is

true regardless of whether the MBDA may have been engaging in activity off the reservation

---

[1] The directory may be found at: http://www.doi.gov/leaders.pdf

or whether the activity is commercial in nature.  Bassett v. Mashantucket Pequot Tribe, 204

F.3d 343, 357 (2d Cir. 2000).

      Turning to the issue of waiver, Plaintiff points to no authority that Congress has

expressly waived tribal immunity with respect to the enforcement of patents.  See id. (finding

no waiver of tribal immunity in Copyright Act).  Plaintiff cites to Tribe Ordinance § 302(c) as

evidence of an express waiver.  Section 302(c) provides for a waiver of immunity for suits "in

the Court of another jurisdiction in its own name upon any contract or obligation arising out of

its activities in such other jurisdiction."  Section 302(c) specifically states that any

"subordinate economic enterprise" or "political subdivision" of the Miami Tribe waives its

immunity "only to the extent of the specific terms of the applicable contract or obligation."

Plaintiff's Complaint does not seek to hold the MBDA liable on a contract or obligation arising

out of its activities in New York.  In fact, Plaintiff fails to identify any contract or obligation the

terms of which expressly waive immunity.  Thus, there is no basis for finding an express

waiver.

      In lieu of dismissal, Plaintiff requests limited discovery on the issue of sovereign

immunity.  Plaintiff seeks discovery concerning the existence of any contracts in which the

MBDA may have waived immunity or the relationship of certain individuals to the MBDA.  The

Court finds that no such discovery is appropriate.  Plaintiff has failed to establish a colorable

argument that the MBDA does not enjoy immunity.  The existence of any contracts are

irrelevant inasmuch as this action does not arise out of the breach of, or any obligation

under, a contract.  If such a contract exists between MBDA and Plaintiff, then Plaintiff should

be familiar with it without the need to resort to discovery.  The relationship of any individuals

to MBDA also is irrelevant.  The only defendant at issue is MBDA.  If Plaintiff believes that

certain individuals may have engaged in wrongful conduct, then Plaintiff may sue those individuals.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant Miami Tribe of Oklahoma Business Development Authority's motion to dismiss is GRANTED and Plaintiff's request for discovery on the issue of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.

Dated: August 30, 2005

Thomas J. McAvoy
Senior, U.S. District Judge